**Abatement Order filed November 7, 2013.**



In The

# Fourteenth Court of Appeals

_____

**NO. 14-13-00244-CR**
**NO. 14-13-00245-CR**
_____

**DONNAVAN RUSSELL WALTON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 239th District Court**
**Brazoria County, Texas**
**Trial Court Cause Nos. 67160 and 67161**

## ABATEMENT ORDER

On March 20, 2013, appellant was sentenced to confinement for fifteen years in the Institutional Division of the Texas Department of Criminal Justice on convictions for unlawful possession of a firearm by a felon and possession of a controlled substance. Appellant's former appointed counsel, Faye Gordon, was granted leave to withdraw. This court has not received an order appointing new counsel. In appellate case number 14-13-00245-CR, from trial court cause number

67161, Perry Stevens, as appointed counsel, filed a motion for extension of time to file appellant's brief, which was granted to October 21, 2013, with a notation that no further extensions would be granted absent exceptional circumstances. No extension request was filed in appellate case number 14-13-00244-CR from trial court cause number 67160. To date, no brief has been filed in either appeal. Accordingly, we issue the following order:

Pursuant to Tex. R. App. P. 38.8(b) (a copy of which is attached) the judge of the 239th District Court shall (1) immediately conduct a hearing, at which appellant, appellant's counsel, and state's counsel shall participate, either in person or by video teleconference, to determine (a) whether appellant desires to prosecute his appeals; (b) whether Perry Stevens was appointed to represent appellant in both appeals; (c) the reason for the failure to file a brief; (d) if appellant desires to continue the appeal, a date certain when appellant's brief will be filed; and (2) prepare a record, in the form of a reporter's record, of the hearing. If appellant is indigent, the judge shall take such measures as may be necessary to assure effective representation of counsel, which may include the appointment of new counsel. The judge shall see that a record of the hearing is made, shall make findings of fact and conclusions of law, and shall order the trial clerk to forward a transcribed record of the hearing, a videotape or compact disc, if any, containing a recording of the video teleconference, and a supplemental clerk's record containing the findings and conclusions. Those records shall be filed with the clerk of this court on or before **December 4, 2013.**

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the trial court's findings and recommendations are filed in this Court. The Court will also consider an appropriate motion to reinstate the appeal filed by either party, or

the Court may reinstate the appeal on its own motion. It is the responsibility of any party seeking reinstatement to request a hearing date from the trial court and to schedule a hearing in compliance with this Court's order. If the parties do not request a hearing, the court coordinator of the trial court shall set a hearing date and notify the parties of such date.


PER CURIAM

# RULE 38. REQUISITES OF BRIEFS

**Tex. R. App. P. 38.8. Failure of Appellant to File Brief.**

(b) *Criminal Cases*.

(1) Effect. An appellant=s failure to timely file a brief does not authorize either dismissal of the appeal or, except as provided in (4), consideration of the appeal without briefs.

(2) Notice. If the appellant=s brief is not timely filed, the appellate clerk must notify counsel for the parties and the trial court of that fact. If the appellate court does not receive a satisfactory response within ten days, the court must order the trial court to immediately conduct a hearing to determine whether the appellant desires to prosecute his appeal, whether the appellant is indigent, or, if not indigent, whether retained counsel has abandoned the appeal, and to make appropriate findings and recommendations.

(3) Hearing. In accordance with (2), the trial court must conduct any necessary hearings, make appropriate findings and recommendations, and have a record of the proceedings prepared, which recordCincluding any order and findingsCmust be sent to the appellate court.

(4) Appellate Court Action. Based on the trial court=s record, the appellate court may act appropriately to ensure that the appellant=s rights are protected, including initiating contempt proceedings against appellant=s counsel. If the trial court has found that the appellant no longer desires to prosecute the appeal, or that the appellant is not indigent but has not made the necessary arrangements for filing a brief, the appellate court may consider the appeal without briefs, as justice may require.